# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, WELD COUNTY, COLORADO<br>901 Ninth Avenue<br>Greeley, Colorado 80631 | DATE FILED: May 5, 2020 9:28 AM<br>FILING ID: 9D0920E7A9178<br>CASE NUMBER: 2020CV30329 |
| **Plaintiff:**   PDC ENERGY, INC., a Delaware corporation,<br><br>v.<br><br>**Defendant:**   BEVERLY SMITHERMAN. | ▲COURT USE ONLY▲ |
| James R. Henderson, #44806<br>DAVIS GRAHAM & STUBBS LLP<br>1550 17th Street, Suite 500<br>Denver, CO 80202<br>Telephone:  303-892-9400<br>Facsimile:  303-893-1379<br>Email:  jim.henderson@dgslaw.com<br><br>*Attorneys for PDC Energy, Inc.* | Case No.:<br>Div.:<br>Ctrm.: |
| **COMPLAINT** ||

Plaintiff PDC Energy, Inc. ("PDC"), for its complaint against Defendant Beverly Smitherman, states as follows:

## PARTIES

1. Plaintiff PDC Energy, Inc. is a Delaware corporation with its principal place of business located at 1775 Sherman Street, Suite 3000, Denver, Colorado 80203.

2. Defendant Beverly Smitherman is an individual residing at 211 Andover Road #512, Andover, Kansas 67002.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action as Defendant conducted business with PDC in the State of Colorado.  C.R.S. § 13-1-124(1)(a).

4. Venue is proper pursuant to C.R.C.P. 98(a) because this is an action affecting real property, a substantial portion of which is situation in Weld County, Colorado.

## GENERAL ALLEGATIONS

5. On or around June 23, 2017, Defendant contacted PDC, through counsel, and presented an Affidavit of Ownership Clarification ("Affidavit") concerning interests in certain oil and gas wells in Weld and Adams Counties.

6. Pursuant to the Affidavit, Defendant claimed to have an overriding royalty interest ("ORRI") in the following wells that were operated by PDC at the time:

Jacobucci 32S-323
Jacobucci 32S-423
Jacobucci 32S-203
Jacobucci 32O-423
Jacobucci 32S-343
Jacobucci 32O-303
Jacobucci 32O-203
Jacobucci 32O-443
Jacobucci 32K-403
Jacobucci 32K-323
Jacobucci 32K-443
Jacobucci 32K-243
Jacobucci 32S-403
Jacobucci 32S-303
McElwain 12-17
McElwain 13-17
McElwain 3
McElwain 5

(the "Subject Wells").

7. Based on the Affidavit and Defendant's claim to an ORRI in the Subject Wells, PDC prepared a Division Order setting forth the decimal interest of ownership in the Subject Wells claimed by Defendant. PDC sent the Division Order to Defendant to review and sign on or around July 28, 2017.

8. The Division Order stated that "[t]he undersigned [Defendant] certifies the ownership of their decimal interest in production or proceeds as described above payable by [PDC]."

9. The Division Order further provides that "[t]he undersigned [Defendant] agrees to indemnify and reimburse [PDC] any amount attributable to an interest to which the undersigned is not entitled."

10. Defendant signed and returned the Division Order to PDC.

Case 1:20-cv-01630-SKC   Document 3   Filed 06/05/20   USDC Colorado   Page 3 of 5

11. PDC paid royalties to Defendant based on the decimal interests of ownership described in the Division Order beginning in August 2017.

12. In or around August of 2018, PDC was contacted by a third party, CES Trust, who disputed Defendant's ORRI in the Subject Wells.

13. After researching the issue, PDC discovered that Defendant did not have a valid ORRI in the Subject Wells. Accordingly, in October 2018, PDC placed Defendant's purported interest in suspense.

14. The error in the Division Order attributing the ORRI to Defendant resulted in defendant being incorrectly paid royalties in the amount of $1,644,211.31 between the months of August 2017 and September 2018.

15. PDC contacted Defendant through her attorney in or around December 2018, explaining the error and demanding reimbursement of the royalty payments.

16. Defendant initially acknowledged that she was paid royalties in error and that she was responsible to reimburse PDC for the amounts she received. However, Defendant has since refused PDC's many requests to return the money she received.

## FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

17. PDC hereby incorporates by reference all allegations set forth above as if fully set forth herein.

18. In July 2017, Defendant and PDC executed a Division Order, which constitutes a binding contract between the parties.

19. PDC fully performed its obligations under the Division Order.

20. Defendant was obligated under the terms of the Division Order to indemnify and reimburse PDC for any amounts she received from PDC attributable to an interest to which she was not entitled.

21. Defendant was paid royalties based on her purported interest in the Subject Wells under the Division Order to which she was not entitled.

22. Defendant breached the terms of the Division Order by refusing to reimburse PDC for the royalty payments she received based on her purported interest in the Subject Wells.

23. PDC has incurred damages as a direct result of Defendant's breach of the Division Order and refusal to reimburse PDC for royalty payments she received based on her purported interest in the Subject Wells.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment – In the Alternative)

24. PDC hereby incorporates by reference all allegations set forth above as if fully set forth herein.

25. Defendant received a benefit when she was paid royalties by PDC based on her purported interest in the Subject Wells.

26. The payment of royalties to Defendant was at PDC's expense.

27. The payment of royalties occurred after Defendant incorrectly claimed and certified an interest in the Subject Wells to which she was not entitled.

28. Defendant acknowledged and agreed that she would indemnify and reimburse PDC for any royalty payments she received for interests to which she was not entitled.

29. Defendant has refused to reimburse PDC for royalty payments she received for interests to which she was not entitled.

30. Under these circumstances, it would be unjust for Defendant to retain the benefit received from the royalty payments without reimbursing PDC.

## PRAYER FOR RELIEF

WHEREFORE, PDC requests the following relief:

a) For an award of damages, or in the alternative, equitable relief to reimburse PDC for the payment of royalties to Defendant based on her purported interest in the Subject Wells;

b) Pre- and post-judgment interest;

c) All costs and expenses incurred by PDC in prosecuting its claims, including its attorney fees; and

d) Such other and further relief as the Court may deem just and proper.

- 5 -

Dated: May 5, 2020

                                           */s/ James R. Henderson*
                                           James R. Henderson, #44806
                                           DAVIS GRAHAM & STUBBS LLP
                                           1550 17th Street, Suite 500
                                           Denver, CO 80202

                                           *Attorneys for Plaintiff PDC Energy, Inc.*

<u>Plaintiff's Address:</u>
1775 Sherman Street
Suite 3000
Denver, Colorado 80203